IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSQUENITA SCHOOL DISTRICT, | : | |
|     Plaintiff | : | Civil Action No. 1:10-cv-1897 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| G.W. by and through his Parents, A.P. and | : | |
| R.P., and A.P. and R.P. individually, | : | |
|     Defendants | : | |

## MEMORANDUM

Currently pending before the Court are Yvonne Husic's and Reisman Carolla Gran LLP's ("RCG") motion to intervene (Doc. No. 53) and their amended motion to intervene (Doc. No. 54). For the reasons stated more fully herein, the motion to intervene will be denied as moot and the amended motion to intervene will be denied without prejudice to Ms. Husic's and RCG's right to file an independent cause of action to pursue whatever relief to which they believe they are entitled.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

On June 25, 2009, G.W. and his parents requested a special education due process hearing alleging that the Susquentia School District failed to provide G.W. with a free appropriate public education. On June 12, 2010, the administrative hearing officer granted G.W. partial relief. On September 10, 2010, Susquentia School District filed suit challenging that administrative determination, which was docketed with this Court at Doc. No. 10-cv-1897. On the same day, G.W. filed an action challenging that same decision, which was docketed with this Court at Doc. No. 10-cv-1900. On November 16, 2010, G.W. filed an unopposed motion to consolidate the cases, which this Court granted on December 9, 2010. (Doc. No. 7.)

On May 10, 2011, counsel for Defendants G.W., R.P., and A.P.,[1] Yvonne Husic and Catherine Reisman, filed a motion to withdraw as counsel for G.W. and his parents. (Doc. No. 39.) The Court granted the motion (Doc. No. 43), and for the remainder of this litigation G.W. and his parents proceeded pro se. Following Ms. Husic's and Ms. Reisman's departure from this action the parties engaged in extensive mediation, which culminated in a settlement agreement. Accordingly, the Court entered an order on October 11, 2011, dismissing this action without prejudice, upon good cause shown within sixty days to reinstate the action if settlement is not consummated. (Doc. No. 52.) On November 7, 2011, Ms. Husic and RCG filed a motion to intervene in this matter. (Doc. No. 53.) They filed an amended motion on November 11, 2011. (Doc. No. 54.) And they filed a brief in support on November 25, 2011. (Doc. No. 55.) Susquenita and G.W. and his parents filed briefs in opposition to the motion to intervene. (Doc. Nos. 58, 59.) On December 12, 2011, G.W. and his parents filed a motion to reinstate the action. (Doc. No. 60.) Ms. Husic and RCG filed a reply brief on December 20, 2011. (Doc. No. 62.)

## II.   DISCUSSION

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, intervention as of right is permitted only if:

> (1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.

---

[1] This action was joined with a second suit in which G.W., A.P., and R.P. were the named Plaintiffs and Susquenita School District was the named Defendant. For ease of understanding, the Court will refer to Plaintiff Susquenita School District as "Susquenita," and will refer to G.W., A.P., and R.P. as "G.W. and his parents."

Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, 72 F.3d 361, 366 (3d Cir. 1995) (quoting Harris v. Pernsley, 820 F.2d 592, 596 (3d Cir.1987)). A court may only permit intervention as of right where each of these factors is satisfied. Id. Upon a review of the motion, the Court is unconvinced that Ms. Husic and RCG satisfy any of the factors identified by the Third Circuit.

> **A.    Timeliness**

First, the Court considers the timeliness of Ms. Husic's and RCG's motion. In weighing the timeliness of a motion the Court must consider: (1) the stage of the proceedings reached when the movant seeks to intervene; (2) the prejudice that the resulting delay might cause to other parties; and (3) the reason for the delay. Choike v. Slippery Rock Univ., 297 F. App'x 138, 140 (3d Cir. 2008). Notably, "a motion to intervene after entry of a decree should be denied except in extraordinary circumstance." In re Fine Paper Antitrust Litig., 695 F.2d 494, 500 (3d Cir. 1982) (noting that where the motion to intervene was filed after settlement, the timeliness factor weighed heavily against intervention).

Each factor weighs in favor of finding the motion untimely. The Court entered an order dismissing this case on October 11, 2011. (Doc. No. 52.) Ms. Husic and RCG did not file the present motion to intervene until November 11, 2011, one month after the case had closed.[2] (Doc. No. 54.) Moreover, the prejudice to the parties in permitting the intervention is obvious: the parties will be forced to reopen and attempt to renegotiate a settlement, further delaying G.W.'s receipt of compensatory education. Finally, the Court notes that Ms. Husic's and RCG's

---

[2] Ms. Husic and RCG filed their original motion on November 7, 2011. (Doc. No. 53.) This motion was still filed approximately four weeks after the Court had entered its order dismissing the case.

purported reason for the delay in their intervention rings hollow. They allege, without any factual support, that they discovered collusion between Susquenita and G.W. and his parents after the settlement had been consummated, and thus did not think intervention was necessary until that date. However, Ms. Husic and RCG were well aware of this litigation, having served as counsel of record at the administrative due process hearing and before this Court prior to electing to withdraw their representation and having "monitored the docket" following their withdrawal (Doc. No. 55 at 7). They were aware that attempts at mediation were ongoing, as each docket entry following their withdrawal refers to attempts at mediation. Further, given the terms on which Ms. Husic and RCG withdrew from this matter,[3] the Court would expect that they would have been more proactive in protecting their rights.

The Seventh Circuit has explained that the timeliness requirement of Rule 24(a) is intended "to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." Sokaogon Chippewa Cmty. v. Babbitt, 214 F.3d 941, 949 (7th Cir. 2000). By Ms. Husic and RCG's own admission, they waited, monitoring the docket, until after the lawsuit had left the

---

[3] As detailed by Ms. Husic and RCG in their motion to withdraw, and by G.W. and his parents in their brief in opposition to intervention, the attorney-client relationship between Ms. Husic and G.W. and his parents had significantly deteriorated prior to the termination of the relationship by Ms. Husic and RCG. Specifically, G.W. and his parents filed a complaint against Ms. Husic with the Dauphin County Bar Association's Fee Dispute Committee, and Ms. Husic, according to G.W. and his parents, told the individual who was hearing the dispute:

> As a result of [A.P. and R.P.'s] untruthful complaint and the frivolous allegations contained therein, I had to withdraw my appearance in a federal court case in which I was representing them. Quite frankly, their grave misunderstanding and quite simply erroneous concepts of legal representation gives me great pause and mistrust to meet with [A.P. and R.P.] . . . .

(Doc. No. 59 at 4.)

proverbial terminal – that is after the parties settled and the Court entered an order of dismissal – before seeking to intervene. They have provided no convincing reason for their delay, and they have provided no reason for the Court to disregard the serious prejudice to the parties that their attempted intervention will cause, and indeed has already caused. Accordingly, the Court must conclude that the motion to intervene is untimely.

### B. Interest in Litigation

Even if the motion were not untimely, the Court cannot find that Ms. Husic and RCG have a sufficient interest in this litigation. Recognizing that the "precise nature of the interest required to intervene as of right has eluded precise and authoritative definition," the Third Circuit has outlined some principles to guide the courts in determining whether a sufficient interest has been identified, to wit:

> An intervenor's interest must be one that is significantly protectable. This means that the interest must be a legal interest as distinguished from interests of a general and indefinite character. The applicant must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene. This interest is recognized as one belonging to or one being owned by the proposed intervenors. In general, a mere economic interest in the outcome of litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene.

Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 220-21 (3d Cir. 2005) (quoting Mountain Top, 72 F.3d at 366) (internal bracketing and ellipses omitted).

The subject of the present litigation, which appeared to have concluded prior to Ms. Husic's and RCG's attempted intervention,[4] is compensatory education to be provided to G.W., a

---

[4] While Ms. Husic's and RCG's departure from this matter appeared to facilitate the prompt resolution of the dispute, as previously noted, their return to this case appears to have

high school senior. Ms. Husic and RCG do not claim to have any interest in any such education. Rather, they contend that they are entitled to an award of attorney's fees that is to be derived from the settlement into which the parties entered. The Court finds that this proposed "interest" has no basis in law and is against public policy.

In arriving at the conclusion that Ms. Husic and RCG have no recognizable interest justifying intervention, the Court relies primarily on the text of Rule 24. Rule 24 provides that the putative intervenor must "claim[] an interest relating to the property or transaction <u>which is the subject of the action</u>." Fed. R. Civ. P. 24(a) (emphasis added). Contrary to Ms. Husic's and RCG's apparent belief, the subject of this action is not an award of attorney's fees. Rather the subject of this action is an award of compensatory education for a high school senior.[5] Ms. Husic and RCG fail to establish that their demand for attorney's fees from Plaintiffs is anything other than a purely collateral dispute based on a contractual relationship which Ms. Husic and RCG elected to terminate. See e.g., <u>Butler, Fitzgerald & Potter v. Sequa Corp.</u>, 250 F.3d 171, 177 (2d Cir. 2001) ("The interest of discharged counsel seemingly is not in the subject of the underlying action, i.e., the contract dispute that precipitated the litigation, but is rather an interest in recovering delinquent attorney's fees following an award in favor of its former client.").

In support of their claim that the potential of attorney's fees is sufficient to justify the intervention of attorneys who elected to withdraw from a case, Ms. Husic and RCG rely on the Fifth Circuit's ruling in <u>Gaines v. Dixie Carriers</u>, 434 F.2d 52 (5th Cir. 1970). Their reliance is

---

successfully scuttled the settlement negotiated by their former clients.

[5] G.W. was in the eleventh grade during the 2010-2011 school year. (Doc. No. 1 ¶ 20.) The Court has received no information that G.W. was not advanced to the twelfth grade for the present school year.

misplaced. Even the Fifth Circuit has acknowledged that the decision in Gaines "may not represent the most persuasive use of Fed. R. Civ. P. 24." Keith v. St. George Packing Co., 806 F.2d 525, 526 (5th Cir. 1986); see also Gilbert v. Johnson, 601 F.2d 761, 768 (5th Cir. 1979) (Rubin, J., specially concurring) (expressing the "hope that [Gaines] will be reconsidered some day lest the practice of intervention permitted to lawyers formerly employed by a litigant unnecessarily adds to the length and complexity of trials"). This Court, like subsequent panels of the Fifth Circuit and the Second Circuit, is "not presently persuaded by the reasoning of [Gaines]." Butler, Fitzgerald & Potter, 250 F.3d at 179. Indeed, as even district courts in the Fifth Circuit have found, Gaines itself is supported by almost no legal reasoning whatsoever. Alam v. Fannie Mae, No. H-02-4478, 2007 U.S. Dist. LEXIS 92209, at *12-13 n.3 (S.D. Tex. Dec. 12, 2007) (finding that Gaines offers "little reasoning" in support of its holding and noting that "the most in-depth discussion on the matter [of attorney intervention to collect attorney's fees] has been that which has focused on the criticism of the Gaines doctrine.").

In addition to textual concerns, the Court also questions the wisdom of Gaines as a matter of policy. Intervention of this sort may give former counsel worrisome influence over the course of their former client's case. That is, former counsel may determine that they would prefer to risk further litigation rather than accept a speedy settlement because counsel prefers to maximize a fee award, while the former client may determine that a swift and certain resolution is preferable to the risk and delay of litigation. Permitting intervention may also result in former counsel pursuing a strategy that, intentionally or not, undermines or conflicts with the strategy pursued by their former clients. Finally, in cases such as this where the availability of fees is contingent on prevailing party status, the discharged attorney would be required to actually

prove their former client's case for them.  This would, in effect, result in an attorney who has been discharged, or withdrawn, resuming effective control of the case and undermining the basic principle that an individual may select his representative in court.

Of course, while there are significant policy reasons to reject Ms. Husic's and RCG's position that a desire to collect attorney's fees constitutes an interest in a case, the Court is satisfied that the text of the rule does not support such a conclusion.  Ms. Husic and RCG identify no cases from the Third Circuit or any district courts in this circuit in which a right to intervene in such circumstances was recognized.  The only case they have identified that would support the concept of an attorney intervening to protect his attorney's fees is a thirty-year-old case from the Fifth Circuit which has been severely criticized by the Fifth Circuit.  The Court agrees with the reasoning of the Second Circuit which found that an interest in attorney's fees "is unrelated to the underlying cause of action."  Butler, Fitzgerald & Potter, 250 F.3d at 177; see also Gov't of the V.I. v. Lansdale, No. 2001-cv-157, 2010 U.S. Dist. LEXIS 75804, at *12 (D.V.I. July 26, 2010) (concluding that a former attorney's interest in fees "is merely economic and as such, does not constitute an interest sufficient for intervention under Rule 24(a)."); Premier, Inc. v. Commercial Underwriters Ins. Co., No. 02-3199, 2004 U.S. Dist. LEXIS 54, at *8 (E.D. La. Jan. 5, 2004) (denying intervention to an attorney because the unpaid hourly attorneys' fees did not constitute "a direct, substantial, and legally protectable interest in the property or transaction that forms the basis of the controversy").  Accordingly, the Court concludes that Ms. Husic and RCG have no interest justifying intervention in this action.

### C. Whether an Interest Will be Impaired

Even if Ms. Husic and RCG had an interest in the litigation, the Court is satisfied the

interest will not be impaired by this litigation. The present matter does not concern attorney's fees, and the settlement negotiated does nothing to impair Ms. Husic's and RCG's right to whatever fees they may be owed. To the extent that Ms. Husic and RCG wish to seek fees for their work prior to withdrawing from this matter, they may resolve by filing any number of legal actions. See, e.g., Mager v. Bultena, 797 A.2d 948, 953-54 (Pa. Super. Ct. 2002) (outlining an "unseemly" lawsuit in which former counsel pursued claims based on breach of contract, unjust enrichment, and an attorney equitable charging lien against their former clients and their former client's new counsel). Ms. Husic and RCG have presented no reason for this Court to believe that this action presents any "tangible threat" to their pursuit of attorney's fees. See Brody v. Spang, 957 F.2d 1108, 1123 (3d Cir. 1992) (finding that to satisfy the impairment prong, the proposed intervenors must show "a tangible threat" to their legal interest such as "a significant stare decisis effect" or some other impact on their rights). Significantly, this matter differs from the Fifth Circuit's questionable decision in Gaines, in that the attorneys in Gaines had entered into a contingent fee arrangement with their former clients. To that end, in Gaines the available sum of money was fixed by the $40,000 settlement and a decision in that matter would impair the attorney's ability to obtain more funds in the future. The agreement at issue here, however, appears to be an hourly fee arrangement, whereby counsel are entitled to seek all reasonable fees and costs expended in this litigation. Accordingly, even if Ms. Husic and RCG did have an interest in the instant litigation, which they do not, they have failed to show that their interest would be impaired by the Court barring their intervention in this matter, as they have adequate alternate recourse and the proposed settlement will have no impact on their right to pursue their

attorney's fees.[6]

### D. Whether The Interest is Adequately Protected

The putative intervenors satisfy their burden of showing inadequate representation "if the applicant shows that the representation of his interest 'may be' inadequate." Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972). In the present matter, Ms. Husic and RCG appear to base their argument on adequacy on unproven and unsubstantiated allegations of collusion. The Court finds their argument unpersuasive. Although there appears to be some animosity between Ms. Husic and RCG and G.W. and his parents, it appears that the interests of G.W. and his parents and their former counsel are very much aligned. That is, whatever feelings of mistrust and animosity may exist between Ms. Husic and RCG and their former clients, G.W. and his parents have an interest in maximizing the amount of settlement both to ensure that G.W. receives adequate compensatory education and to ensure that they are not forced to pay any legal fees out of pocket. Accordingly, they have failed to satisfy the fourth and final prong as well.

---

[6] In support of intervention, Ms. Husic and RCG provide nothing more than three conclusory sentences of argument regarding the impairment requirement. Specifically, they contend, in full:

> Further, Proposed Intervenors' interests will, as a practical matter, be impaired. As this Court has recognized, a party seeking to intervene has a "minimal" burden to show impairment. Proposed Intervenors have undeniably established that "impairment of its substantial legal interest is possible if intervention is denied." [American Farm Bureau Fedn v. United States EPA, 2011 U.S. Dist. LEXIS 118233, at * 15 (M.D. Pa. Oct. 13, 2011).]

(Doc. No. 55 at 9.) Merely asserting that their burden is "minimal" and that they have "undeniably" satisfied that burden is insufficient. They must actually put forth reasons justifying a finding of impairment. Ms. Husic and RCG have put forth zero reasons that their alleged interest will be impaired. This is insufficient to meet their "minimal" burden.

**III.     CONCLUSION**

After having elected to withdraw their representation of Plaintiffs, Ms. Husic and RCG waited until G.W. and his parents, acting pro se, successfully negotiated a settlement, and then filed a motion to intervene in this matter to secure an award of attorney's fees, thus scuttling the settlement.  In the course of these efforts, Ms. Husic and RCG have resorted to repeated and inappropriate allegations of "collusion" between Defendants and Plaintiffs.  (Doc. No. 55 at 10; Doc. No. 62 at 4, 5, 12.)  Largely ignored in Ms. Husic's and RCG's quest for attorney's fees is the child at the center of this litigation, who, as a result of their motion, is effectively denied the compensatory education to which he is entitled.  Ms. Husic and RCG have failed, however, to establish: (1) that their motion, filed one month after the case settled and the Court entered an order of dismissal was timely; (2) an interest in the compensatory education award that is the subject of this litigation; (3) that their right to recover fees is impinged by this litigation; and (4) that G.W. and his parents cannot adequately represent those interests.  Because Ms. Husic and RCG were required to establish the existence of each of these conditions, and they have failed as to all four, the motion to intervene must be denied.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUSQUENITA SCHOOL DISTRICT,** | : | |
|     Plaintiff | : | Civil Action No. 1:10-cv-1897 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| G.W. by and through his Parents, A.P. and | : | |
| R.P., and A.P. and R.P. individually, | : | |
|     Defendants | : | |

**ORDER**

**NOW**, on this 13th day of April, 2012, **IT IS HEREBY ORDERED THAT**, Yvonne Husic's and Reisman Carolla Gran LLP's motion to intervene (Doc. No. 53) is **DENIED AS MOOT** and their amended motion to intervene (Doc. No. 54) is **DENIED** without prejudice to their right to file an independent cause of action to pursue whatever relief to which they believe they are entitled.

                                                        S/ Yvette Kane
                                                        Yvette Kane, Chief Judge
                                                        United States District Court
                                                        Middle District of Pennsylvania